■ In the Matter of ALBERT G., JR., and Others, Children Alleged to be Neglected, ALBERT G., SR., Appellant; ADMINISTRATION FOR CHILDREN's SERVICES, Respondent, et al., Respondent. [888 NYS2d 408]—

Orders of disposition, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about July 16, 2008, which, inter alia, placed the subject children in the custody of petitioner until the completion of the next permanency hearing, upon a fact-finding determination that respondent father had neglected the children, unanimously affirmed insofar as it brings up for review the fact-finding determination, and the appeal otherwise dismissed, without costs.

Because the father failed to appear at the dispositional hearing, the dispositional determinations were entered on default and are not appealable by him (see Matter of Rosa S., 38 AD3d 216, 217 [2007]). Moreover, inasmuch as the date scheduled for the next permanency hearing has since passed, the appeal from the orders is moot (see Matter of Stephon Elijah G., 63 AD3d 640 [2009]).

The finding of neglect against the father was established by a preponderance of the evidence that he should have known of the mother's substance abuse, but failed to take steps to protect the children (see Matter of R.W. Children, 240 AD2d 207 [1997], lv denied 90 NY2d 807 [1997]; see also Matter of Pearl M., 44 AD3d 348 [2007]; Family Ct Act § 1012 [f] [i] [B]). There exists no basis to disturb the court's credibility determinations (see Matter of Irene O., 38 NY2d 776 [1975]).

We have considered the father's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Nardelli, Catterson, DeGrasse and Roman, JJ.