■ In the Matter of JOSEPH BENJAMIN P., a Child Alleged to be Neglected. ALLEN P., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [916 NYS2d 50]—

Order of disposition, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about May 1, 2009, which, upon a factual determination dated February 18, 2009 finding that respondent father neglected the subject child, placed the child in the custody of the Commissioner of Social Services until the completion of the next permanency hearing, unanimously affirmed, without costs.

Although the Court has been informed that a subsequent order of the Family Court, entered on or about January 19, 2010, vacated the order of disposition and released the child to the mother and father with Administration for Children's Services

supervision and subject to conditions, such vacatur does not render the instant appeal academic, as the adjudication of neglect stands as a permanent stigma that may impact respondent's standing in future proceedings (*see Matter of Joshua Hezekiah B. [Edgar B.]*, 77 AD3d 441, 442 [2010], *lv denied* 15 NY3d 716 [2010]).

A preponderance of the evidence clearly showed respondent to have neglected the child because he should have known of the mother's substance abuse and failed to protect the child (*see e.g. Matter of Albert G., Jr. [Albert G., Sr.]*, 67 AD3d 608 [2009]). The fact that respondent father elected to turn a blind eye, or failed to inquire more fully into whatever suspicions he may have had, is no defense to the charge of neglect (*see Matter of Miyani M. [George T.]*, 4 AD3d 430 [2004]).

We have considered respondent's remaining arguments and find them unavailing. Concur—Andrias, J.P., Sweeny, Moskowitz, DeGrasse and Abdus-Salaam, JJ.