# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**796**

**CAF 10-01520**

PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF ANGEL L.H.

----------------------------------------

CHAUTAUQUA COUNTY DEPARTMENT OF SOCIAL       MEMORANDUM AND ORDER
SERVICES, PETITIONER-RESPONDENT;

MELISSA H., RESPONDENT-APPELLANT,
AND MATTHEW H., RESPONDENT.

---

ALAN BIRNHOLZ, EAST AMHERST, FOR RESPONDENT-APPELLANT.

JANE E. LOVE, MAYVILLE, FOR PETITIONER-RESPONDENT.

NANCY A. DIETZEN, ATTORNEY FOR THE CHILD, FREDONIA, FOR ANGEL L.H.

---------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered June 18, 2010 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent Melissa H. had neglected her daughter.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order determining that she derivatively neglected the subject child. Because the mother did not object to the admission of postpetition evidence, her present challenge to that evidence is unpreserved for our review (*see Matter of Darren HH.*, 68 AD3d 1197, 1198, *lv denied* 14 NY3d 703). In any event, although "petitioner should have moved to amend the petition, [inasmuch as] this evidence was received without objection by [either] respondent, we exercise our power, in the interest of justice, to sua sponte conform the petition to the evidence" (*Matter of Amanda RR.*, 293 AD2d 779, 780).

Contrary to the mother's further contention, Family Court's finding of derivative neglect is supported by the requisite preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). It is well settled that a derivative finding of neglect is warranted where, as here, the mother's neglect of the subject child " 'is so closely connected with the care of another child as to indicate that the [subject] child is equally at risk' " (*Matter of A.R.*, 309 AD2d 1153, 1153, quoting *Matter of Marino S.*, 100 NY2d 361, 374, *cert denied* 540 US 1059). We agree with the court that the nature, duration, and circumstances surrounding the neglect of the mother's

other children " 'can be said to evidence fundamental flaws in the [mother's] understanding of the duties of parenthood' " (*Matter of Cadejah AA.*, 33 AD3d 1155, 1157), justifying the finding that the mother derivatively neglected the subject child.

Entered:  June 10, 2011                    Patricia L. Morgan
                                            Clerk of the Court