# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1182**

**CAF 10-01425**

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF BRIAN P., JR., DAVID H., III,
AND DYLAN C.
------------------------------------------------
NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

APRIL C., RESPONDENT-APPELLANT,
AND JOHN J., RESPONDENT.

---

PATRICIA M. MCGRATH, LOCKPORT, FOR RESPONDENT-APPELLANT.

LAURA A. WAGNER, LOCKPORT, FOR PETITIONER-RESPONDENT.

DEBORAH J. SCINTA, ATTORNEY FOR THE CHILDREN, KENMORE, FOR BRIAN P.,
JR., DAVID H., III, AND DYLAN C.

---

Appeal from an order of the Family Court, Niagara County (David E. Seaman, J.), entered June 7, 2010 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent April C. had neglected the subject children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order determining that she neglected her youngest son and that she derivatively neglected her two older sons. We affirm. We reject the mother's contention that the evidence of neglect was legally insufficient and that the fact that she diligently sought medical care for her youngest son negated a finding of neglect. Pursuant to Family Court Act § 1012 (f) (i) (B), a neglected child is one "whose physical, mental or emotional condition . . . is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . by unreasonably inflicting or allowing to be inflicted harm . . . ." In determining whether a parent exercised the minimum degree of care, the court must consider what "a reasonable and prudent parent [would have done] . . . under the circumstances then and there existing" (*Nicholson v Scoppetta*, 3 NY3d 357, 370). A child may be found to be neglected when the parent knew or should have known of circumstances requiring action to avoid harm or the risk of harm to the child and failed to act accordingly (*see Matter of Jessica P.*, 46 AD3d 1142, 1143; *Matter of Sarah C.*, 245 AD2d 1111; *Matter of Lynelle W.*, 177 AD2d 1008). Although the mother took her youngest son to the doctor on multiple occasions and to the hospital when directed,

Family Court's finding that she knew or should have known that the child was being physically abused by her live-in boyfriend, who is also a respondent in this proceeding, and that she failed to take steps to avoid the risk of harm to the child when she continued to live with the boyfriend and allowed him to babysit is supported by the requisite preponderance of the evidence (*see* § 1046 [b] [i]).

Contrary to the mother's further contention, the court was permitted to draw a negative inference against the mother based on her failure to testify at the fact-finding hearing (*see Matter of Raymond D.*, 45 AD3d 1415). Finally, the mother failed to preserve for our review her contention that the court was biased against her, as evidenced by certain statements made by the court in denying her motion to dismiss the petition at the close of petitioner's case (*see generally Matter of Angel L.H.*, 85 AD3d 1637). In any event, that contention is without merit (*see Matter of Warrior v Beatman*, 79 AD3d 1770, *lv dismissed* 16 NY3d 819; *Matter of Roystar T.*, 72 AD3d 1569, *lv denied* 15 NY3d 707; *Matter of Murdock v Murdock*, 183 AD2d 769).

Entered: November 18, 2011            Patricia L. Morgan
                                               Clerk of the Court