■ In the Matter of JESSICA L. and Another, Children Alleged to be Neglected. ERROL M., Appellant; DIANE L., Respondent; NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICE, Respondent. [941 NYS2d 42]—

Order of fact-finding and disposition, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about May 22, 2009, which, inter alia, found that respondent father neglected the subject children, unanimously reversed, on the law and the facts, without costs, the finding of neglect against the father vacated, and the petition dismissed as against him.

The finding of neglect is not supported by a preponderance of the evidence. The record shows that the two children, who at the time of the proceeding were 16 years old and 9 years old, lived with their mother in the home of the mother's maternal aunt. They regularly attended school, never saw their mother using drugs and never complained of dangerous behavior by their mother. The father was actively involved in their lives, visiting with them every week. While the father knew of the mother's past drug use, he had no knowledge that she was currently using drugs, but only a suspicion based on his observation that she was not working and slept a lot during the day. The father eventually sought the intervention of ACS by making an anonymous phone call alleging that the children suffered from a lack of medical care, ostensibly because the younger child had a rash and had not seen a doctor. Upon the case worker's investigation, it was determined that the mother was appropriately treating the rash with cream. However, after interviewing the 16 year old, who stated that she thought her mother might be using drugs, the agency referred the mother for a drug test. Significantly, respondent called the caseworker to express his concern that the mother had taken the 16 year old out of school to accompany the mother to the drug test. Respondent suspected that the mother might be using the daughter for a clean urine sample. The mother tested positive for cocaine.

This is not an instance where the parent took no steps to protect the children and elected to turn a blind eye (compare Matter of Joseph Benjamin P. [Allen P.], 81 AD3d 415 [2011], lv denied 16 NY3d 710 [2011]; Matter of Albert G., Jr. [Albert G., Sr.], 67 AD3d 608 [2009]). As noted, it was the father's anonymous phone call that alerted ACS to a problem and that led to its investigation. While the father could have acted sooner to involve ACS based upon his mere suspicion that the mother was using drugs, "the statutory test is minimum degree of care— not maximum, not best, not ideal" (Nicholson v Scoppetta, 3 NY3d 357, 370 [2004] [internal quotation marks omitted]). The Family Court's finding of neglect under these circumstances placed the father in a "Catch-22" situation—once he had failed

to act promptly based upon his suspicion, he was faced with the dilemma of involving ACS and risk subjecting himself to a neglect proceeding for not having contacted ACS sooner, or not involving ACS to the detriment of his children. Respondent's actions here did not rise to the level of neglect. Concur—Mazzarelli, J.P., Andrias, DeGrasse, Richter and Abdus-Salaam, JJ.