# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1181**
**CAF 11-02158**
PRESENT: SMITH, J.P., FAHEY, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF STEFAN R. MCDONALD,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

MONIQUE S. TERRY, RESPONDENT-RESPONDENT.
-------------------------------------------
IN THE MATTER OF MONIQUE S. TERRY,
PETITIONER-RESPONDENT,

V

STEFAN R. MCDONALD, RESPONDENT-APPELLANT.

---

ALLEN & O'BRIEN, ROCHESTER (STUART L. LEVISON OF COUNSEL), FOR
PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF
COUNSEL), FOR RESPONDENT-RESPONDENT AND PETITIONER-RESPONDENT.

TANYA J. CONLEY, ATTORNEY FOR THE CHILDREN, ROCHESTER, FOR JALEN M.
AND XAVIER M.

---

Appeal from an order of the Family Court, Monroe County (Patricia
E. Gallaher, J.), entered October 7, 2011 in proceedings pursuant to
Family Court Act article 6.  The order, inter alia, awarded Monique S.
Terry sole custody of the subject children.

It is hereby ORDERED that the order so appealed from is
unanimously modified as a matter of discretion in the interest of
justice by vacating the fourth ordering paragraph in the order and
reinstating the weekly access schedule set forth in the order entered
January 25, 2010, and as modified the order is affirmed without costs.

Memorandum:  On appeal from an order that, inter alia, granted
respondent-petitioner mother sole custody and primary physical
residence of the parties' children with access to petitioner-
respondent father, the father contends that Family Court's decision is
replete with evidence of bias towards him, and that such bias unjustly
affected the court's determination to award custody to the mother.  We
reject that contention.  "It is well settled that '[t]he alleged bias
and prejudice to be disqualifying must stem from an extrajudicial
source and result in an opinion on the merits on some basis other than
what the judge learned from his [or her] participation in the case' "

(*Board of Educ. of City School Dist. of City of Buffalo v Pisa*, 55 AD2d 128, 136, quoting *United States v Grinnell Corp.*, 384 US 563, 583). In this case, the father does not contend that the court's alleged bias stemmed from " 'an extrajudicial source' " or " 'some basis other than what the judge learned from [her] participation in the case' " (*id.*), nor in any event would the record support such a contention (*see Matter of Amy L.W. v Brendan K.H.*, 37 AD3d 1060, 1061; *Matter of Angie M.P.*, 291 AD2d 932, 933, *lv denied* 98 NY2d 602). We reject the father's further contention that the court erred in awarding sole custody of the parties' children to the mother. A court's "determination following a hearing that the best interests of [the] children would be served by an award of sole custody to [one of the parents] is entitled to great deference" (*Matter of Goossen v Goossen*, 72 AD3d 1591, 1591; *see Eschbach v Eschbach*, 56 NY2d 167, 173), "particularly in view of the hearing court's superior ability to evaluate the character and credibility of the witnesses" (*Matter of Thillman v Mayer*, 85 AD3d 1624, 1625). Nevertheless, as a matter of discretion in the interest of justice, we modify the order by vacating the fourth ordering paragraph and reinstating the parties' prior weekly access schedule as set forth in the order entered January 25, 2010.

Entered: November 16, 2012                    Frances E. Cafarell
                                              Clerk of the Court