# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1042**
**CA 13-01495**
PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

JENNIFER L. RECH, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

MICHAEL B. RECH, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

ZDARSKY, SAWICKI & AGOSTINELLI, LLP, BUFFALO (GERALD T. WALSH OF COUNSEL), FOR DEFENDANT-APPELLANT.

EVANS & FOX LLP, ROCHESTER (MATTHEW M. PISTON OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

KIMBERLY W. WEISBECK, ATTORNEY FOR THE CHILD, ROCHESTER.

---

Appeal from a judgment of the Supreme Court, Monroe County (John M. Owens, J.), entered July 25, 2013 in a divorce action. The judgment, among other things, dissolved the marriage between the parties.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from the parties' judgment of divorce, defendant husband contends that Supreme Court erred in denying his motion, made during the pendency of the divorce action, to modify the existing custody arrangement by transferring primary residential custody of the parties' child from plaintiff to him. In addition, he challenges the equitable distribution award, as well as the denial of his motion for a downward modification of child support, made during the pendency of the divorce action, and the award of counsel fees to plaintiff. We affirm.

The court did not abuse its discretion in denying defendant's motion to modify the existing custody arrangement. Although it is undisputed that there were sufficiently changed circumstances to justify the court's re-examination of the stipulated custody arrangement (*see generally Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381), we conclude that there is a sound and substantial basis in the record for the court's determination that the child's best interests were served by retaining primary residential custody with plaintiff (*see generally Eschbach v Eschbach*, 56 NY2d 167, 171; *Fox v Fox*, 177 AD2d 209, 210). Defendant's contention to the contrary reflects mere disagreement with the court's determination, and cannot

surmount the great deference given to trial courts under these circumstances (*see Matter of McDonald v Terry*, 100 AD3d 1531, 1531).

We likewise reject defendant's challenges to the equitable distribution award. Defendant contends that the court erred in refusing to order plaintiff to reimburse defendant for half of the prejudgment carrying costs for the marital residence. It is well settled, however, that the court has broad discretion to require one party to pay all of the carrying costs of the marital residence where that party has been its sole occupant during the course of the action (*see Soles v Soles*, 41 AD3d 904, 906; *Martin v Martin*, 82 AD2d 431, 435-436), and it is undisputed that defendant maintained sole occupancy of the marital residence after this action was commenced (*see e.g. Quarty v Quarty*, 96 AD3d 1274, 1281). Moreover, by ordering plaintiff to sell her interest to defendant, the court effectively awarded him the value of the reduced mortgage principal and the corresponding increase in home equity, and defendant has also had the tax benefit of paying interest on the mortgage (*see Chambers v Chambers*, 259 AD2d 807, 808). Defendant's remaining challenges to the equitable distribution award are either unsupported or affirmatively contradicted by the record.

The court did not err in summarily denying defendant's motion to reduce his child support obligation inasmuch as defendant failed to provide an updated statement of net worth in support of his motion (*see* 22 NYCRR 202.16 [k] [2]; *Garcia v Garcia*, 104 AD3d 806, 806). Finally, given the substantial wealth disparity between plaintiff and defendant, we cannot say that the court erred in awarding counsel fees to plaintiff (*see generally DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881; *Leonard v Leonard*, 109 AD3d 126, 129-130).

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court