■ In the Matter of MADDOCK E., a Child Alleged to be Neglected. LUIS E., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [28 NYS3d 602]—

Appeal from order, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about November 19, 2013, which denied respondent father's motion to dismiss the first amended petition, and appeal from order, same court and Judge, entered on or about February 14, 2014, which denied the father's motion to dismiss the second amended petition, unanimously dismissed, without costs, as moot, and the aforesaid orders vacated.

The first amended petition alleging neglect was superseded by the second amended petition (*see Nimkoff Rosenfeld & Schechter, LLP v O'Flaherty*, 71 AD3d 533, 533 [1st Dept 2010]). Thus, the father's appeal from the order entered on or about November 19, 2013 has been rendered moot (*Matter of Kirkpatrick v Kirkpatrick*, 117 AD3d 1575, 1576 [4th Dept 2014]). In addition, the second amended petition was dismissed on February 23, 2015, upon expiration of the period of adjournment in contemplation of dismissal of that petition. Accordingly, the father's appeal from the order entered on or about February 14, 2014 is also moot.

The exception to the mootness doctrine does not apply here, as the issue raised is not one that will typically evade review (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980];

*Duane Reade Inc. v Local 338, Retail, Wholesale, Dept. Store Union, UFCW, AFL-CIO,* 11 AD3d 406, 406 [1st Dept 2004]). Nor will Family Court's orders carry a permanent and significant stigma "that may impact [the father's] standing in future proceedings" (*Matter of Joseph Benjamin P. [Allen P.],* 81 AD3d 415, 416 [1st Dept 2011], *lv denied* 16 NY3d 710 [2011]).

Nevertheless, the orders should be vacated in the exercise of discretion because, the orders, which are unreviewable because of mootness, may spawn legal consequences or be cited as precedent (*Funderburke v New York State Dept. of Civ. Serv.,* 49 AD3d 809, 811 [2d Dept 2008]; *see Matter of Ruskin v Safir,* 257 AD2d 268, 271 [1st Dept 1999]). Concur—Mazzarelli, J.P., Acosta, Andrias and Richter, JJ.