# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**518**
**CAF 15-01132**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

IN THE MATTER OF LATASHA R. GRANT,
PETITIONER-RESPONDENT,

                V                                       MEMORANDUM AND ORDER

MICHAEL J. HABALOU, RESPONDENT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (MARY-JEAN BOWMAN OF COUNSEL), FOR RESPONDENT-APPELLANT.

PATRICIA M. MCGRATH, ATTORNEY FOR THE CHILDREN, LOCKPORT.

---

Appeal from an order of the Family Court, Niagara County (Kathleen M. Wojtaszek-Gariano, J.), entered June 10, 2015 in a proceeding pursuant to Family Court Act article 6. The order directed that respondent's visitation with the subject children be supervised.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order that granted petitioner mother's petition in part and modified a prior order of custody by requiring that the father's visitation with the subject children be supervised. The father failed to preserve for our review his contention that Family Court was biased against him (*see Matter of Reinhardt v Hardison*, 122 AD3d 1448, 1448-1449; *Matter of Brian P. [April C.]*, 89 AD3d 1530, 1531). In any event, that contention is without merit (*see Matter of McDonald v Terry*, 100 AD3d 1531, 1531; *Brian P.*, 89 AD3d at 1531). Contrary to the father's further contention, although the court did not state that it was in the best interests of the children to modify the prior order of custody, the court's findings demonstrate that it made such a determination (*see Matter of Pauline E. v Renelder P.*, 37 AD3d 1145, 1146). We further conclude that the "court's determination that unsupervised visitation would be detrimental to the child[ren] has a sound and substantial basis in the record" (*Matter of Green v Bontzolakes*, 111 AD3d 1282, 1283; *see generally Matter of Procopio v Procopio*, 132 AD3d 1243, 1244, *lv denied* 26 NY3d 915). We have considered the father's remaining contention and conclude that it is without merit.

Entered: June 10, 2016                                          Frances E. Cafarell
                                                                  Clerk of the Court