# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**693**

**CAF 15-00037**

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF HUNTER K., BRIANNA K.,
SYLVIA K., AND TIMOTHY B.
-------------------------------------              MEMORANDUM AND ORDER
LIVINGSTON COUNTY DEPARTMENT OF SOCIAL
SERVICES, PETITIONER-RESPONDENT;

PAUL K., RESPONDENT,
AND ROBIN K., RESPONDENT-APPELLANT.

---

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.

JOHN T. SYLVESTER, MT. MORRIS, FOR PETITIONER-RESPONDENT.

KIMBERLY WHITE WEISBECK, ATTORNEY FOR THE CHILDREN, ROCHESTER.

---

Appeal from an order of the Family Court, Livingston County (Robert B. Wiggins, J.), entered October 30, 2014 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, adjudged that the respondents had neglected the subject children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order that, inter alia, adjudged that she had neglected her four children. We previously affirmed the order with respect to the mother's husband, who is father of three of the children and stepfather of one of them (*see Matter of Timothy B. [Paul K.]*, 138 AD3d 1460), and we likewise affirm the order with respect to the mother. As a preliminary matter, we exercise our discretion to treat the mother's notice of appeal from the fact-finding order as a valid notice of appeal from the dispositional order (*see* CPLR 5520 [c]; *Matter of Crystiana M. [Crystal M.– Pamela J.]*, 129 AD3d 1536, 1537). Furthermore, we agree with the mother that she is aggrieved by the dispositional order to the extent that it concerns the fact-finding hearing, and thus her contentions are properly before us (*see Matter of Zoe L. [Melissa L.]*, 122 AD3d 1445, 1446, *lv denied* 24 NY3d 918).

We nonetheless reject the mother's contention that the finding of neglect is against the weight of the evidence. Under Family Court Act § 1046 (a) (iii), there is a presumption of neglect " 'if the parent chronically and persistently misuses alcohol and drugs which, in turn, substantially impairs his or her judgment while [the] child is entrusted to his or her care' " (*Timothy B.*, 138 AD3d at 1461

[internal quotation marks omitted]).  Based on the evidence at the hearing, we conclude that Family Court properly applied the presumption here.  The caseworker testified at the hearing that the mother admitted that she drank vodka for days at a time and that she felt guilty because of the effect that her and her husband's drinking had on the children.  The caseworker further testified that the children made statements to her that there were times when the parents were so intoxicated that the eldest son had to cook for his siblings, and times when he had to make arrangements for the youngest daughter to go to friends' homes so that he could go to work.  On at least one occasion, the youngest daughter hid under furniture to avoid the parents, who were drinking and fighting.  Moreover, there was evidence that the mother was too intoxicated to protect the children from her husband, who became physically abusive towards the children when he was drinking (*see Matter of Brian P. [April C.]*, 89 AD3d 1530, 1531).

We conclude that such evidence is sufficient to establish that the mother chronically misused alcohol by drinking to the point that she was intoxicated and incompetent, with substantially impaired judgment (*see* Family Ct Act § 1046 [a] [iii]), thereby giving rise to the presumption of neglect in the instant proceeding.  The mother's "failure to rebut the presumption of neglect obviated the requirement that petitioner present evidence establishing actual impairment or risk of impairment" (*Timothy B.*, 138 AD3d at 1462).

Entered:  September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court