## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  October 27, 2016        521958
_____

In the Matter of ARIEZ T.,
   Alleged to be a Neglected
   Child.

SCHENECTADY COUNTY DEPARTMENT
   OF SOCIAL SERVICES,                  MEMORANDUM AND ORDER
                 Respondent;

JOHN T.,
                 Appellant.
_____

Calendar Date:  September 6, 2016

Before:  Peters, P.J., McCarthy, Lynch, Rose and Clark, JJ.

_____

     Sandra M. Colatosti, Albany, for appellant.

     Kevin M. Litz, Schenectady County Department of Social Services, Schenectady, for respondent.

     Alexandra G. Verrigni, Rexford, attorney for the child.

_____

Lynch, J.

     Appeal from an order of the Family Court of Schenectady County (Powers, J.), entered June 30, 2015, which, in a proceeding pursuant to Family Ct Act article 10, denied respondent's motion to dismiss the petition.

     Respondent is the father of a child born in December 2014. Family Court removed the child from his mother's care immediately after his birth.  In April 2015, petitioner commenced this proceeding to adjudicate the child to be neglected based, in

part, on respondent's long history of substance abuse coupled with his admission that one month earlier, he had been admitted to the hospital after he consumed "70 beers and snorted an eight ball of cocaine." Respondent moved to dismiss the neglect petition, arguing that, without an allegation that the conduct occurred in the child's presence, there was no basis for Family Court to find that he had neglected the child. In June 2015, Family Court denied the motion, finding that petitioner established a prima facie case for neglect and permitted the proceeding to continue. Respondent now appeals.

The attorney for the child advises that, during the pendency of this appeal, petitioner filed a permanent neglect petition pursuant to Social Services Law § 384-b, and Family Court determined that the child was abandoned (see Social Services Law § 384-b [5]). On April 26, 2016, the court terminated respondent's parental rights to the child. Under these circumstances, we agree with the attorney for the child that respondent's appeal has been rendered moot (see Matter of Mary YY. [Albert YY.], 98 AD3d 1198, 1198 [2012]; Matter of Riley SS. [Richard SS.], 90 AD3d 1179, 1179 [2011]). Although there is an exception to the mootness doctrine where a finding of neglect creates a stigma that affects future proceedings (see Matter of Bayley W. [Jaden W.], 100 AD3d 1203, 1203-1204 [2012]), here, because there was no such factual finding, the exception does not apply (see Matter of Maddock E. [Luis E.], 138 AD3d 559, 559-560 [2016]).

Peters, P.J., McCarthy, Rose and Clark, JJ., concur.

ORDERED that the appeal is dismissed, as moot, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court