■ In the Matter of LASONDRA D., a Child Alleged to be Neglected. WYOMING COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CASSANDRA D., Respondent; VICTOR S., Appellant. (Appeal No. 1.) [56 NYS3d 713]—

Appeal from an order of the Family Court, Wyoming County (Michael F. Griffith, J), entered November 9, 2015 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent Victor S. had neglected the subject child.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals, in appeal No. 1, from an order in which Family Court, inter alia, found that he neglected his daughter. In appeal No. 2, the father appeals from a further order in which the court, inter alia, awarded custody of the subject child to the nonparty maternal grandmother.

Initially, we conclude that the appeal from the order in appeal No. 2 must be dismissed. In that appeal, the father challenges the court's determination to place the subject child with her maternal grandmother, which was initially issued in a temporary order of removal entered prior to the order in appeal No. 1, and which was continued in the order of disposition that is the subject of appeal No. 2. Those orders were issued upon the father's consent, and the father also consented to the

continuation of that placement in a subsequent permanency order. The father's challenges to the dispositional provisions of those orders are not properly before this Court because "no appeal lies from that part of an order entered on consent" (*Matter of Charity M. [Warren M.]* [appeal No. 2], 145 AD3d 1615, 1617 [2016]; *see Matter of Misti Z.*, 300 AD2d 1147, 1147 [2002]).

Contrary to the father's contention in appeal No. 1, we conclude that petitioner established by a preponderance of the evidence that the father neglected the child. It is well settled that "a party seeking to establish neglect must show, by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *see Matter of Afton C. [James C.]*, 17 NY3d 1, 9 [2011]). " 'The minimum degree of care standard requires an objective evaluation of [the parent's] actions in light of what a reasonable and prudent parent would have done' " (*Matter of Dustin B.*, 24 AD3d 1280, 1281 [2005]; *see Matter of Paul U.*, 12 AD3d 969, 971 [2004]). We reject the father's contention that the court failed to apply the proper legal standard in determining that the father neglected the child.

Contrary to the father's further contention, " '[a] single incident where the parent's judgment was strongly impaired and the child [was] exposed to a risk of substantial harm can sustain a finding of neglect' " (*Matter of Raven B. [Melissa K.N.]*, 115 AD3d 1276, 1278 [2014]). Here, petitioner established by a preponderance of the evidence that the father neglected the child because he "should have known of [respondent] mother's substance abuse and failed to protect the child" (*Matter of Joseph Benjamin P. [Allen P.]*, 81 AD3d 415, 416 [2011], *lv denied* 16 NY3d 710 [2011]; *see Matter of Donell S. [Donell S.]*, 72 AD3d 1611, 1612 [2010], *lv denied* 15 NY3d 705 [2010]; *Matter of Albert G., Jr. [Albert G., Sr.]*, 67 AD3d 608, 608 [2009]). Although the father denied knowledge of the mother's substance abuse, "[w]here, as here, issues of credibility are presented, the hearing court's findings must be accorded great deference" (*Matter of Todd D.*, 9 AD3d 462, 463 [2004]; *see Matter of Holly B. [Scott B.]*, 117 AD3d 1592, 1592 [2014]), and we perceive no reason to reject the court's credibility determinations.

Finally, the father failed to preserve for our review his contention that the court was biased against him (*see Matter of Reinhardt v Hardison*, 122 AD3d 1448, 1448-1449 [2014]; *Matter of Brian P. [April C.]*, 89 AD3d 1530, 1531 [2011]). In any event, that contention is without merit (*see Matter of McDonald v Terry*, 100 AD3d 1531, 1531 [2012]; *Brian P.*, 89 AD3d at 1531). Present—Whalen, P.J., Smith, Centra, Peradotto and Scudder, JJ.