Matter of Ricky A. (Barry A.--Suzanne C.) (2019 NY Slip Op 02245)





Matter of Ricky A. (Barry A.--Suzanne C.)


2019 NY Slip Op 02245


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


1297 CAF 17-00778

[*1]IN THE MATTER OF RICKY A., KARA A., AND KADE G. WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; BARRY A., RESPONDENT, AND SUZANNE C., RESPONDENT-APPELLANT. 






TYSON BLUE, MACEDON, FOR RESPONDENT-APPELLANT. 
HEATHER MAURE, LYONS, FOR PETITIONER-RESPONDENT.
SARA E. ROOK, ROCHESTER, ATTORNEY FOR THE CHILD.
PETER G. CHAMBERS, NEWARK, ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Wayne County (John B. Nesbitt, J.), entered April 10, 2017 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent Suzanne C. had neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to article 10 of the Family Court Act, respondent-appellant (respondent) appeals from an order that, inter alia, determined that she neglected the subject children. Contrary to respondent's contention, Family Court's determination is supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; see generally Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). "In reviewing a determination of neglect, we must accord great weight and deference to the determination of [the court], including its drawing of inferences and assessment of credibility, and we should not disturb its determination unless clearly unsupported by the record" (Matter of Shaylee R., 13 AD3d 1106, 1106 [4th Dept 2004]).
Here, the testimony presented at the fact-finding hearing established that respondent and the subject children, one of whom is respondent's natural child, live with respondent Barry A., who is respondent's boyfriend and the father of the children and who suffers from untreated posttraumatic stress and substance abuse disorders. The testimony further establishes that, on one occasion in particular, the father returned home after drinking liquor and beer and displayed increasingly erratic behavior in the presence of the children. He and respondent became engaged in a verbal altercation, which became physical, and the father threw his phone into a fire that he had started in the backyard. Thereafter, respondent left the home with the father, leaving the children alone in the home without supervision. The children had no phone and no way to contact respondent. Respondent did not return to the house or communicate with the children for more than 24 hours and did not arrange for another adult to care for the children. In the meantime, having witnessed the domestic violence incident involving respondent and the father, as well as the father's intoxication and erratic behavior, the children became afraid when respondent did not return home or contact them. The children eventually contacted their older sister through Facebook and then waited two hours for her to travel from Utica to their home in Wayne County. The sister called 911 and reported respondent and the father as missing persons. When the police responded to the home, the children had been alone for approximately 20 hours. [*2]Respondent and the father drove past the home while multiple police cars were parked outside and chose not to stop to check on the children. Instead, respondent and the father stayed away from the children for four more hours.
We conclude that the record supports the court's determination that respondent's failure to provide adequate supervision for the children, combined with the children's exposure to domestic violence in the home and respondent's failure to take reasonable measures to protect the children from the effects of the father's unaddressed mental health and substance abuse issues, placed the children in imminent danger of physical, emotional, or mental impairment (see Family Ct Act § 1012 [f] [i] [B]; Matter of Lasondra D. [Cassandra D.—Victor S.], 151 AD3d 1655, 1656 [4th Dept 2017], lv denied 30 NY3d 902 [2017]; Matter of Trinity E. [Robert E.], 137 AD3d 1590, 1591 [4th Dept 2016]; Matter of Raven B. [Melissa K.N.], 115 AD3d 1276, 1278-1279 [4th Dept 2014]; see generally Nicholson, 3 NY3d at 369-370).
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court