Matter of Destiny S. (Amy W.) (2019 NY Slip Op 08049)





Matter of Destiny S. (Amy W.)


2019 NY Slip Op 08049


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


982 CAF 18-01204

[*1]IN THE MATTER OF DESTINY S., ASHLEY L.W.W., AND ADAM M.W. CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; AMY W., RESPONDENT-APPELLANT. 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR RESPONDENT-APPELLANT. 
STEPHEN J. RILEY, OLEAN, FOR PETITIONER-RESPONDENT. 
AUDREY ROSE HERMAN, BUFFALO, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Cattaraugus County (Michael J. Sullivan, A.J.), entered June 7, 2018 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order terminating her parental rights with respect to the three subject children on the grounds of mental illness and intellectual disability (see Social Services Law § 384-b [4] [c]). Although the petitions here did not allege mental illness as a ground for termination of the mother's parental rights, the mother "did not object to the evidence relating to that ground" (Matter of Tiffany M. [Jolanda M.], 88 AD3d 1299, 1299 [4th Dept 2011], lv denied 18 NY3d 803 [2012]), and we thus conclude that, contrary to the mother's contention, Family Court did not err in sua sponte conforming the petitions to the proof (see Matter of Angel L.H. [Melissa H.], 85 AD3d 1637, 1637 [4th Dept 2011], lv denied 17 NY3d 711 [2011]; Matter of A.G., 253 AD2d 318, 320-321 [1st Dept 1999]; see also Tiffany M., 88 AD3d at 1299; see generally Family Ct Act § 1051 [b]).
We have reviewed the mother's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court