Matter of Cameron M. (Keira P.) (2020 NY Slip Op 05382)





Matter of Cameron M. (Keira P.)


2020 NY Slip Op 05382


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


777 CAF 19-00998

[*1]IN THE MATTER OF CAMERON M., TATIANA P., AND BRIELLE P. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; KEIRA P., RESPONDENT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR RESPONDENT-APPELLANT. 
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (CAROL L. EISENMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.
PAUL B. WATKINS, FAIRPORT, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Monroe County (Stacey Romeo, J.), entered May 1, 2019 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, adjudged that respondent had neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order that, inter alia, adjudged that she neglected the subject children. We affirm. We reject the mother's contention that the children's out-of-court statements were not sufficiently corroborated. The statements of each child to petitioner's caseworker "provided sufficient cross-corroboration inasmuch as they 'tend to support the statements of the others and, viewed together, give sufficient indicia of reliability to each [child's] out-of-court statements' " (Matter of Timothy B. [Paul K.], 138 AD3d 1460, 1461 [4th Dept 2016], lv denied 28 NY3d 908 [2016]; see Matter of Ricky A. [Barry A.], 162 AD3d 1747, 1748 [4th Dept 2018]).
Contrary to the mother's further contention, the finding of neglect is supported by a preponderance of the evidence. As relevant here, a neglected child is one "whose physical, mental, or emotional condition has been impaired or is imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]). Although "[p]roof of mental illness alone will not support a finding of neglect," such evidence will support a finding of neglect if it establishes "a causal connection between the parent's condition, and actual or potential harm to the child[ ]" (Matter of Lyndon S. [Hillary S.], 163 AD3d 1432, 1433 [4th Dept 2018] [internal quotation marks omitted]; cf. Matter of Lacey-Sophia T.-R. [Ariela (T.)W.], 125 AD3d 1442, 1445 [4th Dept 2015]). Here, the testimony of petitioner's caseworkers established that the mother behaved erratically while shopping with her 10-year-old daughter and, on the trip home, began driving in such a dangerous manner that the daughter exited the vehicle and walked the rest of the way home. When the mother arrived outside the home, she told her 13-year-old son that she had to wash herself, whereupon she removed her clothes in the yard and began to spray herself with a hose. When the daughter arrived home on foot, she discovered her mother washing herself in that manner. The next day, the children informed the caseworkers that the mother, who was diagnosed with bipolar disorder and psychosis, had not taken her medication in over 20 days. That same day, according to the testimony of the maternal grandmother, the mother struck the son with a closed fist. We conclude that the evidence is sufficient to establish a causal connection between the mother's [*2]failure to treat her mental illness and actual or potential harm to the children (see Lyndon S., 163 AD3d at 1434).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court