Matter of Ethan F. (Corrie L.) (2020 NY Slip Op 05614)





Matter of Ethan F. (Corrie L.)


2020 NY Slip Op 05614


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


328 CAF 19-00279

[*1]IN THE MATTER OF ETHAN F. AND MICHAEL F. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT CORRIE L., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






KATHRYN F. HARTNETT, UTICA, FOR RESPONDENT-APPELLANT. 
DENISE MORGAN, UTICA, FOR PETITIONER-RESPONDENT.
PETER J. DIGIORGIO, JR., UTICA, ATTORNEY FOR THE CHILD.
PAUL A. NORTON, CLINTON, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Oneida County (Julia Brouillette, J.), entered September 6, 2018 in a proceeding pursuant to Family Court Act article 10. The order adjudged, inter alia, that respondent severely abused one of the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, respondent appeals from an order of fact-finding adjudging, inter alia, that he had severely abused one of the subject children and, in appeal No. 2, he appeals from the order of disposition. Inasmuch as the order at issue in appeal No. 2 was entered upon the consent of the parties, appeal No. 2 must be dismissed (see Matter of Edward T. [Maria T.], 175 AD3d 1115, 1115 [4th Dept 2019]; Matter of Lasondra D. [Cassandra D.—Victor S.], 151 AD3d 1655, 1655-1656 [4th Dept 2017], lv denied 30 NY3d 902 [2017]).
Respondent failed to preserve for our review his contention that Family Court erred in failing to conduct an inquiry into his legal and financial circumstances before denying his request to appear by telephone (see Matter of Jaydalee P. [Codilee R.], 156 AD3d 1477, 1477 [4th Dept 2017], lv denied 31 NY3d 904 [2018]). We reject respondent's further contention that his counsel was ineffective in failing to request such an inquiry inasmuch as respondent failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (Matter of Buckley v Kleinahans, 162 AD3d 1561, 1563 [4th Dept 2018] [internal quotation marks omitted]).
Respondent next contends that the court erred in taking judicial notice of testimony from a custody hearing involving the children's biological parents from which his counsel was absent. Respondent also contends that his counsel was ineffective for failing to object. We reject those contentions. Both contentions are belied by the record, which reflects that counsel did object and that the court, in effect, sustained the objection and declined to take judicial notice of the testimony. In any event, any error by the court in taking judicial notice was harmless (see Matter of Cyle F. [Alexander F.], 155 AD3d 1626, 1627 [4th Dept 2017], lv denied 30 NY3d 911 [2018]).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court