Matter of Lamairik S. (Erika S.) (2021 NY Slip Op 01592)





Matter of Lamairik S. (Erika S.)


2021 NY Slip Op 01592


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


215 CAF 19-00554

[*1]IN THE MATTER OF LAMAIRIK S. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; ERIKA S., RESPONDENT, AND JONAS S., RESPONDENT-APPELLANT.






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (DAVID L. CHAPLIN OF COUNSEL), FOR PETITIONER-RESPONDENT.
ANDREW S. GREENBERG, SYRACUSE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered January 29, 2019 in a proceeding pursuant to Family Court Act article 10. The order adjudicated the subject child to be a neglected child and placed respondent Jonas S. under the supervision of petitioner for a period of 12 months. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent father appeals from an order that adjudicated the subject child to be a neglected child based on a finding of derivative neglect. Contrary to the father's contention, Family Court's finding of derivative neglect is supported by the requisite preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; Matter of Dante S. [Kathryne T.] [appeal No. 2], 181 AD3d 1311, 1312 [4th Dept 2020]). "It is well settled that a derivative finding of neglect is warranted where, as here, the [father's] neglect of the subject child is so closely connected with the care of another child as to indicate that the [subject] child is equally at risk" (Matter of Angel L.H. [Melissa H.], 85 AD3d 1637, 1637 [4th Dept 2011], lv denied 17 NY3d 711 [2011] [internal quotation marks omitted]). Here, petitioner established that " 'the neglect . . . of [three older children] was so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still existed' " (Matter of Burke H. [Tiffany H.], 117 AD3d 1568, 1568 [4th Dept 2014]; see Matter of Sasha M., 43 AD3d 1401, 1402 [4th Dept 2007]). Thus, contrary to the father's contentions, there was sufficient evidence to establish that he derivatively neglected the subject child inasmuch as " 'the evidence of . . . neglect of [the older] child[ren] indicates a fundamental defect in [the father's] understanding of the duties of parenthood . . . or demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [his] care' " (Matter of Jacob W. [Jermaine W.], 170 AD3d 1513, 1514 [4th Dept 2019], lv denied 33 NY3d 906 [2019]).
Although the father has shown progress in completing the directed programs, he failed to meet his burden of demonstrating that the circumstances leading to the prior neglect "cannot reasonably be expected to exist currently or in the foreseeable future" (Matter of Amber C., 38 AD3d 538, 541 [2d Dept 2007], lv denied 8 NY3d 816 [2007], lv dismissed 11 NY3d 728 [2008] [internal quotation marks omitted]; see Matter of William N. [Kimberly H.], 118 AD3d 703, 706 [2d Dept 2014]). "[I]nasmuch as the paramount purpose of Family [Court] Act article 10 is the protection of the physical, mental, and emotional well-being of children . . . , and mindful of the particular vulnerability attendant to newborn infants such as the child herein," we conclude that the court did not err in making a finding of derivative neglect (Matter of Tristyn R. [Jacqueline [*2]Z.], 118 AD3d 1468, 1469 [4th Dept 2014] [internal quotation marks omitted]).
We have reviewed the father's remaining contention and conclude that it does not warrant reversal or modification of the order.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court