Matter of Faith B. (Jocelyn V.--Manuel L.) (2021 NY Slip Op 01907)





Matter of Faith B. (Jocelyn V.--Manuel L.)


2021 NY Slip Op 01907


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, AND DEJOSEPH, JJ.


280 CAF 19-01530

[*1]IN THE MATTER OF FAITH B. AND JOEL L. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT;
and
JOCELYN., RESPONDENT-APPELLANT, AND MANUEL L., RESPONDENT.






THEODORE W. STENUF, MINOA, FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (DAVID L. CHAPLIN OF COUNSEL), FOR PETITIONER-RESPONDENT.
COURTNEY S. RADICK, OSWEGO, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Onondaga County (Julie A. Cecile, J.), entered July 11, 2019 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent Jocelyn V. had neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order that, inter alia, adjudicated her two children to be neglected. We reject the mother's contention that Family Court erred in determining that petitioner established, by a preponderance of the evidence, that she neglected the children (see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; see generally Matter of Kaylee D. [Kimberly D.], 154 AD3d 1343, 1345-1346 [4th Dept 2017]; Matter of Emily W. [Michael S.—Rebecca S.], 150 AD3d 1707, 1709 [4th Dept 2017]).
Contrary to the mother's contention, "a single incident where the parent's judgment was strongly impaired and the child [was] exposed to a risk of substantial harm can sustain a finding of neglect" (Matter of Lasondra D. [Cassandra D.—Victor S.], 151 AD3d 1655, 1656 [4th Dept 2017], lv denied 30 NY3d 902 [2017] [internal quotation marks omitted]; see Kaylee D., 154 AD3d at 1344; Matter of Raven B. [Melissa K.N.], 115 AD3d 1276, 1278 [4th Dept 2014]). Petitioner established at the fact-finding hearing that, on the occasion in question here, the mother went with her children to a counseling meeting at petitioner's office and, during the course of the meeting, the mother expressed suicidal ideation by stating, inter alia, that she wanted to step in front of a motor vehicle, and she also stated that she could not care for the children and that she wished they had never been born. Petitioner's witnesses at that hearing, i.e., a counselor and the supervisor who was on duty at the time of the meeting, described the mother as loud, pressured in her speech, very upset, and in great distress. Based on our review of the evidence, we conclude that the record supports the court's determination that the mother neglected the children on the day in question as a result of her mental illness (see Matter of Kendall N. [Angela M.], 188 AD3d 1688, 1688-1689 [4th Dept 2020]; Matter of Cameron M. [Keira P.], 187 AD3d 1582, 1582-1583 [4th Dept 2020]). Petitioner established by a preponderance of the evidence that the children's physical, mental, or emotional conditions were in imminent danger of becoming impaired if the children had been released to the mother's care following the meeting (see Kendall N., 188 AD3d at 1689; see generally Nicholson v Scoppetta, 3 NY3d 357, 368-369 [2004]; Lasondra D., 151 AD3d at 1656). Although the mother attempted in her testimony to minimize the significance of her statements and actions on the day in question, we see no reason to disturb the court's assessment of the credibility of the witnesses [*2](see Kaylee D., 154 AD3d at 1345-1346; Emily W., 150 AD3d at 1709).
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court