Jonas v Jonas (2024 NY Slip Op 01460)

Jonas v Jonas

2024 NY Slip Op 01460

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND DELCONTE, JJ.

1020 CA 22-00451

[*1]SANDRA JONAS, PLAINTIFF-APPELLANT,
v
MICHAEL JONAS, DEFENDANT-RESPONDENT. 

FERON POLEON, LLP, AMHERST (KELLY A. FERON OF COUNSEL), FOR PLAINTIFF-APPELLANT.
MICHAEL J. FRENTZEL, ATTORNEY AT LAW, GRAND ISLAND (MICHAEL F. MCPARTLAN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 
MARY ANNE CONNELL, BUFFALO, ATTORNEY FOR THE CHILDREN. 

 Appeal from a judgment of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered October 21, 2021. The judgment, among other things, dissolved the marriage between the parties and equitably distributed marital property. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this contested matrimonial action, plaintiff wife appeals from a judgment entered following a nonjury trial that, inter alia, equitably distributed marital property.
Initially, the wife's contention that Supreme Court erred in failing to determine defendant husband's child support and maintenance obligations is not properly before us inasmuch as she consented to the referral of those issues to Family Court, and "no appeal lies from that part of an order entered on consent" (Matter of Lasondra D. [Cassandra D.—Victor S.], 151 AD3d 1655, 1656 [4th Dept 2017], lv denied 30 NY3d 902 [2017]; see generally Koziol v Koziol, 60 AD3d 1433, 1434 [4th Dept 2009], appeal dismissed 13 NY3d 763 [2009]).
Contrary to the wife's other contention, the court did not abuse its discretion in its equitable distribution of the marital property. Although the wife contends that the equitable distribution award ignores the husband's dissipation of marital assets, "[the wife's] claims [of dissipation] are conclusory and rely on the credibility of the parties, and in such circumstances, [this Court] shall afford the trial court great deference" (McPheeters v McPheeters, 284 AD2d 968, 969 [4th Dept 2001] [internal quotation marks omitted]). The evidence presented at trial established that the parties mutually liquidated marital assets, and accumulated significant debt, in an unsuccessful attempt to save their family business. "Courts should not second-guess the economic decisions made during the course of the marriage, but rather should equitably distribute the assets and obligations remaining once the relationship is at an end" (Mahoney-Buntzman v Buntzman, 12 NY3d 415, 421 [2009]; see Ferrel v Ferrel, 132 AD3d 1421, 1422 [4th Dept 2015]).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court