Matter of Jasmine L. (Montu L.) (2024 NY Slip Op 03268)

Matter of Jasmine L. (Montu L.)

2024 NY Slip Op 03268

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

281 CAF 22-01703

[*1]IN THE MATTER OF JASMINE L. AND MARGUERITE L. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; MONTU L., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
BENJAMIN E. MANNION, BUFFALO, FOR PETITIONER-RESPONDENT.

 Appeal from an order of the Family Court, Erie County (Brenda M. Freedman, J.), entered October 13, 2022, in a proceeding pursuant to Family Court Act article 10. The order, inter alia, adjudged that respondent had neglected one of the subject children and derivatively neglected the other subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act article 10, respondent appeals in appeal No. 1 from an order of disposition that, inter alia, determined that he neglected one of his children and derivatively neglected another one of his children. In appeal No. 2, respondent appeals from an order of disposition that, inter alia, determined that he neglected three more of his children. In appeal No. 3, respondent appeals from an order of disposition that, inter alia, determined that he neglected another child. We affirm in all three appeals.
We conclude that there is a sound and substantial basis in the record to support Family Court's determination that respondent neglected five of the six children. A neglected child is defined, in relevant part, as a child less than 18 years of age "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the child's] parent or other person legally responsible for [the child's] care to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof . . . or by any other acts of a similarly serious nature requiring the aid of the court" (Family Ct Act § 1012 [f] [i] [B]). Here, petitioner established by a preponderance of the evidence that respondent engaged in acts of domestic violence against the children's mother while the children were present, including an incident in which he destroyed the mother's cell phone, choked her unconscious, threatened one of his children with an axe, and then prevented the mother and five of the children from leaving their home until the police arrived (see Matter of Ricky A. [Barry A.], 162 AD3d 1747, 1748 [4th Dept 2018]; Matter of Kadyn J. [Kelly M.H.], 109 AD3d 1158, 1159-1160 [4th Dept 2013]). Petitioner further established by a preponderance of the evidence that those five children were in imminent danger of physical, mental, or emotional impairment based on respondent's history of mental illness, alcoholism, and substance abuse issues for which he refused to seek treatment (see Matter of Trinity E. [Robert E.], 137 AD3d 1590, 1590-1591 [4th Dept 2016]), and that respondent made inappropriate sexual comments to at least two of the children and inappropriately touched one of them by repeatedly rubbing up against her breasts and buttocks (see Matter of Thomas XX. [Thomas YY.], 180 AD3d 1175, 1176-1177 [3d Dept 2020]). Contrary to respondent's contention, the statements made by certain of the children to the investigating caseworker "provided sufficient cross-corroboration inasmuch as they tend to support the statements of [each other] and, viewed together, give [*2]sufficient indicia of reliability to each [child's] out-of-court statements" (Matter of Cameron M. [Keira P.], 187 AD3d 1582, 1582 [4th Dept 2020] [internal quotation marks omitted]).
We also conclude in appeal No. 1 that there is a sound and substantial basis in the record to support Family Court's determination that respondent derivatively neglected the sixth child, inasmuch as "the nature, duration and circumstances surrounding the neglect of the . . . other children can be said to evidence fundamental flaws in [respondent's] understanding of the duties of parenthood" (Matter of Angel L.H. [Melissa H.], 85 AD3d 1637, 1637-1638 [4th Dept 2011], lv denied 17 NY3d 711 [2011] [internal quotation marks omitted]).
We have reviewed petitioner's remaining contention and respondent's remaining contention and conclude that they lack merit.
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court