In the Matter of AIMEE J. and Others, Infants. CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FLORENCE Z., Appellant. [824 NYS2d 534]—

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered December 9, 2005 in a proceeding pursuant to Family Court Act article 10. The order, among other things, continued the order of placement of the three children with petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order that, inter alia, continued the order of placement of her three children with petitioner upon a finding that she willfully violated the order of disposition in the underlying neglect proceeding. The order of disposition, inter alia, prohibited respondent from having contact with her former paramour, a level three sex offender. Contrary to respondent's contention, Family Court properly

determined that petitioner established by a preponderance of the evidence that respondent continued to have contact with her former paramour in willful violation of that order (*see* Family Ct Act § 1046 [b] [i]; § 1072). Although petitioner relied upon hearsay evidence, i.e., the testimony of two caseworkers with respect to the out-of-court statements of respondent's three children, "[t]he statements of each of the three [children] . . . tend to support the statements of the others and, viewed together, give sufficient indicia of reliability to each [child's] out-of-court statements" (*Matter of Nicole V.*, 71 NY2d 112, 124 [1987]; *see Matter of Justin O.*, 28 AD3d 877, 879 [2006]; *Matter of Tylena S. v Darin J.*, 4 AD3d 568, 570-571 [2004]; *Matter of Rebecca S.*, 269 AD2d 833 [2000]). "The reliability of such corroboration is a determination entrusted in the first instance to [the court's] considerable discretion" (*Matter of Frank Y.*, 11 AD3d 740, 742 [2004]). We conclude that the court did not abuse its discretion in crediting the statements of respondent's children rather than the denial of respondent that she intentionally had contact with her former paramour, and therefore properly determined that respondent willfully violated the order of disposition. Present—Scudder, J.P., Kehoe, Martoche and Green, JJ.