■ In the Matter of CHASSIDY CC., a Child Alleged to be Neglected. RENSSELAER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANDREW CC., Appellant. [922 NYS2d 620]—

Kavanagh, J. Appeal from an order of the Family Court of Rensselaer County (E. Walsh, J.), entered February 8, 2010, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

In August 2009, petitioner commenced this proceeding alleging that respondent neglected his child (born in 2005) as a result of his refusal to responsibly address his problem of substance abuse, his use of marihuana in the child's presence and his failure to provide proper supervision when the child was entrusted to his care. After fact-finding and dispositional hearings were

conducted, Family Court (Hanft, J.)[1] found that the child was neglected and, as a result, the child was placed in the custody of her maternal grandmother. Respondent now appeals, challenging only the finding of neglect.

Respondent argues that petitioner failed to establish that the child was neglected because it did not introduce evidence at the hearing that the child was ever in any actual or imminent danger while respondent was caring for her (*see* Family Ct Act § 1012 [f] [1]).[2] We disagree. A finding of neglect under Family Ct Act § 1046 (a) (iii) can be based on evidence that respondent "repeatedly misuse[d] a drug or drugs or alcoholic beverages, to the extent that it has or would ordinarily have the effect of producing in [respondent] a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality." In other words, neglect may in some circumstances be presumed if the parent chronically and persistently misuses alcohol and drugs which, in turn, substantially impairs his or her judgment while a child is entrusted to his or her care (*see* Family Ct Act § 1046 [a] [iii]; *Matter of Paolo W.*, 56 AD3d 966, 967-968 [2008], *lv dismissed* 12 NY3d 747 [2009]; *see also Matter of Alfonzo H. [Cassie L.]*, 77 AD3d 1410, 1411 [2010]; *Matter of Arthur S. [Rose S.]*, 68 AD3d 1123, 1123-1124 [2009]).

In 2008, respondent was sentenced to probation after being convicted of petit larceny and, as a condition of his probation, was required to submit to treatment for his substance abuse and refrain from using alcohol or drugs. Despite this prohibition, respondent continued to consume both marihuana and alcohol, tested positive for drugs and subsequently pleaded guilty to a violation of probation for which he received a nine-month term of incarceration. We also note that, during this period, respondent was charged with failing to properly supervise his daughter and provide her with appropriate living arrangements because he repeatedly left her unsupervised and alone in a room he and his family occupied at a homeless shelter. Simply stated, respondent's insistence on using drugs and alcohol clearly impaired his ability to make appropriate parental judgments which, in turn, impacted his efforts to provide proper

---

1. Both hearings were conducted before Judge Hanft, who determined that the child had been neglected and placed her with her maternal grandmother. However, because Judge Hanft was no longer available, Judge Walsh signed the order of fact-finding and disposition (*see* CPLR 9002).

2. As for respondent's contention that petitioner failed to establish that the child was under the age of 18, we note that the petition set forth the child's date of birth and Family Court took judicial notice of that fact.

care for this child. Therefore, the finding of neglect as entered by Family Court was established by a preponderance of the credible evidence and enjoyed sound and substantial support in the record (*see* Family Ct Act § 1046 [b] [i]). Finally, any error that may have occurred as a result of Family Court (Hanft, J.) giving collateral estoppel effect to respondent's convictions for violating probation (*see generally Matter of Stephiana UU.*, 66 AD3d 1160, 1165 [2009]) was rendered harmless by testimony given by respondent's probation officer at the hearing that provided an evidentiary basis that could properly be considered by the court in determining whether respondent had neglected the child.

Mercure, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, without costs.