# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1119**

**CAF 12-00713**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF JAMES D.D., JOSEPH D.,
AND WILKINS F.

-------------------------------------------

YATES COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

TAMELA F., RESPONDENT-APPELLANT.

MEMORANDUM AND ORDER

---

CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT.

SHARON ALLEN, ATTORNEY FOR THE CHILDREN, NAPLES.

---

Appeal from an order of the Family Court, Yates County (W. Patrick Falvey, J.), entered March 23, 2012 in a proceeding pursuant to Family Court Act article 10. The order, among other things, placed respondent and the subject minor children under the supervision of petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order of disposition that brings up for review an order of fact-finding, in which Family Court determined that she neglected the children who are the subject of this proceeding. We affirm. To establish neglect, it was petitioner's burden to "demonstrate by a preponderance of the evidence 'first, that [the] child[ren's] physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child[ren] is a consequence of the failure of the parent . . . to exercise a minimum degree of care in providing the child[ren] with proper supervision or guardianship' " (*Matter of Ilona H. [Elton H.]*, 93 AD3d 1165, 1166, quoting *Nicholson v Scoppetta*, 3 NY3d 357, 368; *see* Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]). In determining whether petitioner met its burden, "[w]e must give great deference to [the court]'s assessment of the credibility of the witnesses at the fact-finding hearing," and we note that the court's decision " 'will not be disturbed unless [it] lack[s] a sound and substantial basis in the record' " (*Ilona H.*, 93 AD3d at 1166). Here, we conclude that the court's decision has a sound and substantial basis in the record. The undisputed evidence at the hearing established that the mother's husband repeatedly misused alcohol to the point of intoxication (*see* § 1046 [a] [iii]), and that the harm to the children was causally related to the mother's failure to acknowledge, confront, and

adequately address her husband's alcohol abuse and associated aggressive behavior (*see Matter of Kimberly Z. [Jason Z.]*, 88 AD3d 1181, 1183, 1185; *Matter of Ian DD.*, 252 AD2d 669, 670; *cf. Matter of Tomas E.* [appeal No. 2], 295 AD2d 1015, 1019). Finally, the mother failed to preserve for our review her contention that the court erred in requesting an oral report from the Attorney for the Children and, in any event, any alleged error is harmless (*see Matter of Amy L.W. v Brendan K.H.*, 37 AD3d 1060, 1061).

Entered:  November 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court