■ In the Matter of KASIANA UU. and Others, Children Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RICKI TT., Appellant. [10 NYS3d 708]—

Lynch, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered May 6, 2014, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

Respondent is the mother of four children (born in 2001, 2004, 2005 and 2008). The record reflects that the children were removed from respondent's care and placed in foster care in June 2013, when petitioner commenced neglect proceedings against respondent and the children's father. In October 2013, after a fact-finding hearing on the June 2013 neglect petition, the parties stipulated to an order dismissing the proceeding against respondent, adjourning the proceeding in contemplation of dismissal against the children's father (*see* Family Ct Act § 1039) and placing all four children in petitioner's custody. In November 2013, petitioner commenced this neglect proceeding against respondent. After an April 2014 fact-finding hearing, Family Court issued an order determining that the children were neglected based upon respondent's drug use and failure to seek and obtain substance abuse treatment. Respondent now appeals and we affirm.

Initially, we reject respondent's claim that the evidence was

not sufficient to support a finding of neglect because the children were in petitioner's custody. A neglected child is one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" because of a parent's failure "to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship . . . or by misusing a drug or drugs" (Family Ct Act § 1012 [f] [i] [B]). In a fact-finding hearing pursuant to Family Ct Act § 1044, "proof that a person repeatedly misuses a drug or drugs . . . shall be prima facie evidence that a child of or who is the legal responsibility of such person is a neglected child" (Family Ct Act § 1046 [a] [iii]; see *Matter of Amber DD.*, 26 AD3d 689, 690 [2006]). This presumption "operates to eliminate a requirement of specific parental conduct vis-à-vis the child and neither actual impairment nor specific risk of impairment need be established" (*Matter of Paolo W.*, 56 AD3d 966, 967 [2008], *lv dismissed* 12 NY3d 747 [2009] [internal quotation marks and citation omitted]; see *Matter of Chassidy CC. [Andrew CC.]*, 84 AD3d 1448, 1449 [2011]). Contrary to respondent's argument, a neglect finding may be warranted even where, as here, the children had been removed from her custody and placed with petitioner prior to the instances of drug use underlying the neglect petition. As a parent, respondent had a continuing obligation to affirmatively address her ongoing misuse of drugs (*see Matter of Jessica FF.*, 211 AD2d 948, 950 [1995]).

Here, Family Court took judicial notice of two prior neglect proceedings, one of which involved respondent's drug use. The court also heard testimony from two caseworkers. One testified that respondent admitted to her that respondent used cocaine after a scheduled July 2013 drug test was positive for cocaine and oxycodone.* The second caseworker testified that, in October 2013, when she arrived at respondent's home for a scheduled home visit, she found keys in the door, the lights on and she could hear people in the house. After approximately five minutes, respondent, who was with another adult, let the caseworker into the house. The caseworker described respondent's behavior, speech and appearance and testified that, based upon the same, she believed that respondent was "under the influence of something."

For her part, respondent acknowledged that she had not obtained any substance abuse treatment from the time that

---

* Although there was evidence that respondent reported to the test administrator that she had a prescription for the oxycodone, no proof of such prescription was presented at the fact-finding hearing.

her children were placed in petitioner's custody in June 2013 until the April 2014 fact-finding hearing. Giving due deference to Family Court's factual determinations with regard to respondent's admitted, continued use of drugs and her inability to seek treatment despite losing custody of the children, we find that Family Court's finding of neglect was supported by a preponderance of the evidence in the record (see Matter of Stevie R. [Arvin R.], 97 AD3d 906, 907 [2012]; Matter of Chassidy CC. [Andrew CC.], 84 AD3d at 1450).

McCarthy, J.P., Devine and Clark, JJ., concur. Ordered that the order is affirmed, without costs.