# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**342**

**CAF 14-02052**

PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF TIMOTHY B., HUNTER K.,
BRIANNA K., AND SYLVIA K.
-------------------------------------
LIVINGSTON COUNTY DEPARTMENT OF SOCIAL
SERVICES, PETITIONER-RESPONDENT;

PAUL K., RESPONDENT-APPELLANT,
AND ROBIN K., RESPONDENT.

MEMORANDUM AND ORDER

---

BRIDGET L. FIELD, ROCHESTER, FOR RESPONDENT-APPELLANT.

JOHN T. SYLVESTER, MT. MORRIS, FOR PETITIONER-RESPONDENT.

KIMBERLY WHITE WEISBECK, ATTORNEY FOR THE CHILDREN, ROCHESTER.

---

Appeal from an order of the Family Court, Livingston County (Robert B. Wiggins, J.), entered October 30, 2014 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that the subject children had been neglected.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order adjudging his three children and one stepchild to be neglected, respondent father contends that Family Court failed to "state the facts it deem[ed] essential" to its decision (CPLR 4213 [b]). Even assuming, arguendo, that the court's decision "falls far short of complying" with the statute (*Matter of Kelly G.*, 244 AD2d 709, 709), we nevertheless conclude that "the record is adequate to enable us to make the necessary findings" (*Matter of Markus R.*, 273 AD2d 919, 920; *see Matter of Paulette B.*, 270 AD2d 949, 949; *see also Matter of Airionna C. [Shernell E.]*, 118 AD3d 1430, 1431, *lv denied* 24 NY3d 905, *lv dismissed* 24 NY3d 951).

We reject the father's contention that the children's out-of-court statements were not sufficiently corroborated (*see* Family Ct Act § 1046 [a] [vi]). The statements of each child to petitioner's caseworker provided sufficient cross-corroboration inasmuch as they "tend to support the statements of the others and, viewed together, give sufficient indicia of reliability to each [child's] out-of-court statements" (*Matter of Nicole V.*, 71 NY2d 112, 124; *see Matter of Aimee J.*, 34 AD3d 1350, 1351). " 'The reliability of such corroboration is a determination entrusted in the first instance to [the court's] considerable discretion' " (*Aimee J.*, 34 AD3d at 1351).

In any event, the father's admissions to the caseworker as well as his testimony at the fact-finding hearing were sufficient to corroborate many of the children's statements (*see Matter of Ruthanne F.*, 265 AD2d 829, 830; *Matter of James A.*, 217 AD2d 961, 961).

We reject the further contention of the father and the Attorney for the Children that the evidence, as corroborated, does not establish neglect by a preponderance of the evidence. Family Court Act § 1046 (a) (iii) states that, unless a person is voluntarily and regularly participating in a recognized rehabilitative program, "proof that [such] person repeatedly misuses a drug or drugs or alcoholic beverages, to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality, shall be prima facie evidence that a child of or who is the legal responsibility of such person is a neglected child[.]" Section 1046 (a) (iii) thus creates a presumption of neglect " 'if the parent chronically and persistently misuses alcohol and drugs which, in turn, substantially impairs his or her judgment while [the] child is entrusted to his or her care' " (*Matter of Samaj B. [Towanda H.-B.—Wade B.]*, 98 AD3d 1312, 1313). That presumption "operates to eliminate a requirement of specific parental conduct vis-á-vis the child and neither actual impairment nor specific risk of impairment need be established" (*id.* [internal quotation marks omitted]; *see Matter of Chassidy CC. [Andrew CC.]*, 84 AD3d 1448, 1449).

Based on the evidence at the hearing, we conclude that the finding of neglect is supported by a preponderance of the evidence. The father does not dispute the fact that he was driving while intoxicated at 2:00 p.m. on a Monday afternoon, that he was involved in a motor vehicle accident at that time, and that he was so intoxicated that he was "not able" to perform the field sobriety tests. Morever, the evidence at the hearing also established that, on "a couple different instances," law enforcement officers "had to catch [the father] from falling over or walking into traffic." The corroborated statements of the children established that the father was mean and aggressive when he had been drinking; that he pushed the eldest child to the ground on one occasion when he had been drinking; that there were times when the parents were so intoxicated that the eldest child had to cook for the children; that there were times when the parents were drinking that the eldest child, who had to go to work, made arrangements for the youngest child to go to friends' houses; that there was at least one time when the youngest child hid under furniture when respondents were drinking and fighting; and that the father, who was physically aggressive with one child in particular when the father was drinking, accidently pulled the youngest child's hair while trying to grab the other child. The father's testimony that he and the mother drank alcohol after the children were in bed is belied by the record. The children were well aware of their parents' problems with alcohol and observed their parents intoxicated on multiple occasions during the day and night.

We thus conclude that petitioner established that the father chronically misused alcohol by drinking to the point that he was intoxicated, disoriented, incompetent and irrational (*see Matter of Nasiim W. [Keala M.]*, 88 AD3d 452, 453; *Chassidy CC.*, 84 AD3d at 1449-1450; *cf. Matter of Anna F.*, 56 AD3d 1197, 1198; *see generally Matter of Anastasia L.-D. [Ronald D.]*, 113 AD3d 685, 687-688). The father's failure to rebut the presumption of neglect obviated the requirement that petitioner present evidence establishing actual impairment or risk of impairment (*see Samaj B.*, 98 AD3d at 1313; *Nasiim W.*, 88 AD3d at 453). In any event, we note that the evidence established that the children's "physical, mental or emotional condition[s] [were] impaired or [were] in imminent danger of becoming impaired" as a result of the father's failure to exercise a minimum degree of care in providing the children with proper supervision and guardianship "by misusing alcoholic beverages to the extent that he loses self-control of his actions" (Family Ct Act § 1012 [f] [i] [B]; *see Matter of Heather D.*, 17 AD3d 1087, 1087; *Matter of Megan G.*, 291 AD2d 636, 638-639).

Entered:  April 29, 2016                    Frances E. Cafarell
                                            Clerk of the Court