Matter of Jalyce S. (Jeffrey S.-B.) (2020 NY Slip Op 02440)





Matter of Jalyce S. (Jeffrey S.-B.)


2020 NY Slip Op 02440


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


507 CAF 19-01086

[*1]IN THE MATTER OF JALYCE S., RIANA R., AND SYNCERE R. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JEFFREY S.-B., RESPONDENT-APPELLANT.






MICHAEL JOHNSON, UTICA, FOR RESPONDENT-APPELLANT.
DEANA D. GATTARI, ROME, FOR PETITIONER-RESPONDENT.
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered May 8, 2019 in a proceeding pursuant to Family Court Act article 10. The order, among other things, determined that respondent willfully and without just cause violated an order of disposition and sentenced him to 30 days in jail. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this Family Court Act article 10 proceeding, respondent father appeals from an order determining that he willfully and without just cause violated an order of disposition in the underlying neglect proceeding by failing to engage in the required counseling services. We affirm.
Although the father does not dispute that he violated the order of disposition by failing to complete the required counseling, he contends that the violation was not willful because, during the relevant time period, he was intermittently incarcerated or on a waiting list for counseling services. Contrary to the father's contention, petitioner established by a preponderance of the evidence that the father willfully violated the order of disposition (see Matter of Amariese L. [Tiffany N.], 137 AD3d 1750, 1751 [4th Dept 2016], lv denied 27 NY3d 910 [2016]; Matter of Dashaun G. [Diana B.], 117 AD3d 1526, 1528 [4th Dept 2014], lv dismissed 24 NY3d 951 [2014]; Matter of Aimee J., 34 AD3d 1350, 1350-1351 [4th Dept 2006]). Although the father's incarceration may have contributed to initial delays in completing counseling, we note that he was incarcerated as a result of his various violations of the order of disposition, including his alleged acts of domestic violence against the mother. Further, the father's own testimony demonstrated his lack of effort to re-engage in counseling services during the period of time between his brief incarceration in April 2018 and the filing of the motion by petitioner at the end of August 2018. Thus, we conclude that the record supports Family Court's determination that petitioner met its burden of establishing by a preponderance of the evidence that the father willfully violated the terms of the order of disposition (see generally Family Ct Act § 1072 [b]; Amariese L., 137 AD3d at 1751).
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court