Matter of Kendall N. (Angela M.) (2020 NY Slip Op 06670)





Matter of Kendall N. (Angela M.)


2020 NY Slip Op 06670


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


1045 CAF 19-01325

[*1]IN THE MATTER OF KENDALL N. HERKIMER COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; ANGELA M., RESPONDENT-APPELLANT.






TRACY L. PUGLIESE, CLINTON, FOR RESPONDENT-APPELLANT. 
MICHELLE K. FASSETT, HERKIMER, FOR PETITIONER-RESPONDENT.
ROBERT C. BALDWIN, BARNEVELD, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Herkimer County (John J. Brennan, J.), dated May 29, 2019 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent had neglected the subject child. 
It is hereby ORDERED that said appeal from the order insofar as it concerns the disposition is unanimously dismissed and the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order that, inter alia, adjudged that she neglected the subject child. As an initial matter, we dismiss the appeal from the order insofar as it concerns the disposition inasmuch as that part of the order was entered on the mother's consent, and thus no appeal lies therefrom (see CPLR 5511; Matter of Thomas C. [Jennifer C.], 81 AD3d 1301, 1302 [4th Dept 2011], lv denied 16 NY3d 712 [2011]).
Contrary to the mother's contention, petitioner established by a preponderance of the evidence that the child was neglected as a result of the mother's mental illness (see Matter of Zackery S. [Stephanie S.], 170 AD3d 1594, 1595 [4th Dept 2019]; Matter of Lyndon S. [Hillary S.], 163 AD3d 1432, 1433 [4th Dept 2018]). It is well established that "a finding of neglect based on mental illness need not be supported by a particular diagnosis or by medical evidence" (Matter of Thomas B. [Calla B.], 139 AD3d 1402, 1404 [4th Dept 2016]; cf. Social Services Law § 384-b [4] [c]; [6] [c]). The evidence at the hearing, including the testimony of three caseworkers, a substance abuse counselor, and a psychiatric nurse practitioner, established that the mother engaged in " 'bizarre and paranoid behavior' " placing the child's physical, mental, or emotional condition in imminent danger of becoming impaired (Matter of Christy S. v Phonesavanh S., 108 AD3d 1207, 1208 [4th Dept 2013]; see Zackery S., 170 AD3d at 1595; Thomas B., 139 AD3d at 1403).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court