Matter of Noah C. (Greg C.--Jacqueline C.) (2021 NY Slip Op 01911)





Matter of Noah C. (Greg C.--Jacqueline C.)


2021 NY Slip Op 01911


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, AND DEJOSEPH, JJ.


286 CAF 19-02015

[*1]IN THE MATTER OF NOAH C., ROMEO C., JADEN C. AND JACOB C. ONTARIO COUNTY DEPARTMENT OF SOCIAL SERVICES CHILD PROTECTIVE UNIT, PETITIONER-RESPONDENT; GREG C. AND JACQUELINE C., RESPONDENTS-APPELLANTS.






LINDA M. CAMPBELL, SYRACUSE, FOR RESPONDENT-APPELLANT GREG C. 
MICHAEL J. PULVER, NORTH SYRACUSE, FOR RESPONDENT-APPELLANT JACQUELINE C. 
HOLLY A. ADAMS, COUNTY ATTORNEY, CANANDAIGUA (JENNIFER L. WORRALL OF COUNSEL), FOR PETITIONER-RESPONDENT.
TERESA M. PARE, CANANDAIGUA, ATTORNEY FOR THE CHILDREN.
LEAH T. CINTINEO, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeals from an order of the Family Court, Ontario County (Jacqueline E. Sisson, A.J.), entered September 30, 2019 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, placed the subject children in the custody of the Ontario County Department of Social Services until the completion of the next permanency hearing. 
It is hereby ORDERED that said appeal insofar as it concerns the order of disposition is unanimously dismissed and the "determination upon fact-finding hearing" is modified on the law by vacating the findings that respondents neglected the subject children by failing to provide them with adequate food and shelter and by using excessive corporal punishment, and as modified the "determination upon fact-finding hearing" is affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother and respondent father each appeal from an order of disposition that, inter alia, placed the subject children in the custody of the Ontario County Department of Social Services until the completion of the next permanency hearing. As an initial matter, we dismiss the appeal insofar as it concerns the order of disposition inasmuch as the provisions of that order were entered on consent of the parties (see CPLR 5511; Matter of Kendall N. [Angela M.], 188 AD3d 1688, 1688 [4th Dept 2020]; Matter of Annabella B.C. [Sandra L.C.], 129 AD3d 1550, 1550-1551 [4th Dept 2015]). The appeal, however, brings up for review the "determination upon fact-finding hearing" (see Matter of Anthony L. [Lisa P.], 144 AD3d 1690, 1691 [4th Dept 2016], lv denied 28 NY3d 914 [2017]; Matter of Lisa E. [appeal No. 1], 207 AD2d 983, 983 [4th Dept 1994]), which adjudged respondents to have neglected the subject children and incorporated Family Court's written decision setting forth its findings on the issue of neglect. Although respondents consented to the provisions of the order of disposition in lieu of a hearing, they are nevertheless aggrieved by the court's findings of neglect (see generally Matter of Holly B. [Scott B.], 117 AD3d 1592, 1592 [4th Dept 2014]; Matter of Child Welfare Admin. v Jennifer A., 218 AD2d 694, 695 [2d Dept 1995], lv denied 87 NY2d 804 [1995]).
Contrary to respondents' contention, we conclude that petitioner established by a preponderance of the evidence that the subject children were neglected. Pursuant to Family Court Act § 1046 (a) (iii), "proof that a person repeatedly misuses a drug or drugs or alcoholic [*2]beverages, to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality, shall be prima facie evidence that a child of or who is the legal responsibility of such person is a neglected child except that such drug or alcoholic beverage misuse shall not be prima facie evidence of neglect when such person is voluntarily and regularly participating in a recognized rehabilitative program." That statutory presumption " 'operates to eliminate a requirement of specific parental conduct vis-à-vis the child and neither actual impairment nor specific risk of impairment need be established' " (Matter of Paolo W., 56 AD3d 966, 967 [3d Dept 2008], lv dismissed 12 NY3d 747 [2009]; see Matter of Samaj B. [Towanda H.-B.—Wade B.], 98 AD3d 1312, 1313 [4th Dept 2012]).
Here, petitioner established that the mother admitted repeated cocaine use, that she misused drugs so often that she was running out of veins suitable for injection, that she was observed to be under the influence of drugs at various times by friends and by a visitation supervisor, and that she tested positive for several different drugs on several occasions. With respect to the father, petitioner established that he admitted using cocaine prior to a supervised visit and being under the influence of Suboxone on other occasions, and he further admitted that he had relapsed during the pendency of these proceedings. In addition, an Ontario County Sheriff's Deputy observed the father to be under the influence of drugs while placing him under arrest for an unrelated warrant during the pendency of these proceedings, and the deputy found cocaine in the father's possession at that time. Furthermore, the subject children found needles in respondents' home, and a neighbor observed a white powdery substance on a table in the home, while the children were present, under circumstances supporting the conclusion that the substance was a drug. Thus, the court's determination that petitioner established neglect by a preponderance of the evidence (see Matter of Jack S. [Leah S.], 176 AD3d 1643, 1644-1645 [4th Dept 2019]; Matter of Jack S. [Franklin O.S.], 173 AD3d 1842, 1843 [4th Dept 2019]) is supported by the requisite sound and substantial basis in the record (see Matter of Mary R.F. [Angela I.], 144 AD3d 1493, 1493-1494 [4th Dept 2016], lv denied 28 NY3d 915 [2017]; Matter of James D.D. [Tamela F.], 111 AD3d 1337, 1337-1338 [4th Dept 2015]). Although respondents presented evidence that would support a contrary conclusion, it is well settled that "the court's credibility determinations are . . . entitled to great deference" (Matter of Syira W. [Latasha B.], 78 AD3d 1552, 1553 [4th Dept 2010]; see Matter of Merrick T., 55 AD3d 1318, 1319 [4th Dept 2008]). Additionally, the court properly drew " 'the strongest possible negative inference' against [respondents] after [they] failed to testify at the fact-finding hearing" (Matter of Kennedie M. [Douglas M.], 89 AD3d 1544, 1545 [4th Dept 2011], lv denied 18 NY3d 808 [2012]; see Matter of Brittany W. [Patrick W], 103 AD3d 1217, 1218 [4th Dept 2013]; see also Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79-80 [1995]).
We agree, however, with respondents that the court's finding that they neglected the subject children by failing to provide them with adequate food and shelter is not supported by the requisite preponderance of the evidence (see Matter of Justin P. [Damien P.], 148 AD3d 903, 904 [2d Dept 2017]; cf. Mary R.F., 144 AD3d at 1493-1494). Similarly, we conclude that petitioner failed to introduce sufficient evidence to corroborate a statement by one of the subject children that one of the respondents caused certain injuries that the child sustained, and thus failed to establish by a preponderance of the evidence that, as the court further found, respondents neglected the children by using excessive corporal punishment (see generally Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). We therefore modify the "determination upon fact-finding hearing" by vacating those findings (see Matter of Bryan O. [Zabiullah O.], 153 AD3d 1641, 1642 [4th Dept 2017]).
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court