Matter of Annastasia P. (Kirstin P.) (2021 NY Slip Op 05420)





Matter of Annastasia P. (Kirstin P.)


2021 NY Slip Op 05420


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


700 CAF 19-02127

[*1]IN THE MATTER OF ANNASTASIA P. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; KIRSTIN P., RESPONDENT-APPELLANT.






DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
REBECCA HOFFMAN, BUFFALO, FOR PETITIONER-RESPONDENT. 
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JONATHAN CHOI OF COUNSEL), ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered November 1, 2019 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent had neglected the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order of fact-finding and disposition that, inter alia, adjudged that she neglected the subject child. Contrary to the mother's contention, petitioner established by a preponderance of the evidence that she neglected the child (see § 1046 [b] [i]). Here, petitioner established that the mother admitted to using cocaine during her pregnancy with the child, that the mother's hospital records indicated that she tested positive for cocaine during her pregnancy and had a history of polysubstance abuse, that the mother tested positive for cocaine less than three months after the child's birth, and that she refused to provide a urine sample on four other occasions (see § 1046 [a] [iii]; Matter of Noah C. [Greg C.], 192 AD3d 1676, 1677-1678 [4th Dept 2021]; Matter of Kenneth C. [Terri C.], 145 AD3d 1612, 1613 [4th Dept 2016], lv denied 29 NY3d 905 [2017]; Matter of Benicio H. [Charlene H.], 115 AD3d 857, 858 [2d Dept 2014]).
Insofar as the mother further contends that her participation in a drug treatment program is sufficient to bring this matter within the statutory exception for parents who are "voluntarily and regularly participating in a recognized rehabilitative program" (Family Ct Act
§ 1046 [a] [iii]), we reject that contention. There is no evidence that the mother's participation in the treatment program is voluntary (see Matter of Hailey W., 42 AD3d 943, 944 [4th Dept 2007], lv denied 9 NY3d 812 [2007]; Matter of Amber DD., 26 AD3d 689, 690 [3d Dept 2006]).
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court