Matter of Kameron R. (Alexis R.) (2023 NY Slip Op 06678)

Matter of Kameron R. (Alexis R.)

2023 NY Slip Op 06678

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND NOWAK, JJ.

983 CAF 22-00797

[*1]IN THE MATTER OF KAMERON R. OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; ALEXIS R., RESPONDENT-APPELLANT. (APPEAL NO. 1.)

ROBERT J. GALLAMORE, ST. GEORGE, UTAH, FOR RESPONDENT-APPELLANT. 
AMY L. HALLENBECK, GLOVERSVILLE, FOR PETITIONER-RESPONDENT.
SCOTT OTIS, WATERTOWN, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Oswego County (Thomas Benedetto, J.), entered April 25, 2022, in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent had neglected the subject child and continued the custody of the subject child with the mother of respondent. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals in appeal No. 1 from an order of disposition that, inter alia, determined that she neglected the subject child. In appeal No. 2, the mother appeals from an order of protection issued in favor of the subject child. As an initial matter, we dismiss the appeal from the order in appeal No. 2 as moot inasmuch as the challenged order of protection expired by its terms on March 10, 2023 (see Matter of Romeo M. [Nicole R.], 94 AD3d 1464, 1465 [4th Dept 2012], lv denied 19 NY3d 810 [2012]; Matter of Nicholas J.R. [Jamie L.R.], 83 AD3d 1490, 1491 [4th Dept 2011], lv denied 17 NY3d 708 [2011]; Matter of Leah S., 61 AD3d 1402, 1402 [4th Dept 2009]). We further conclude that the exception to the mootness doctrine does not apply (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Contrary to the mother's contention in appeal No. 1, we conclude that Family Court properly admitted in evidence her medical records and the medical records of the subject child (see Matter of Faith K. [Cindy R.], 194 AD3d 1402, 1403 [4th Dept 2021]; Matter of Zackery S. [Stephanie S.], 170 AD3d 1594, 1594-1595 [4th Dept 2019]; see generally Family Ct Act § 1046 [a] [iv]). Even assuming, arguendo, that the court erred in admitting certain parts of those records, we conclude that any such error is harmless because, "even if those records are excluded from consideration, the finding of neglect is nonetheless supported by a preponderance of the credible evidence" (Matter of Lyndon S. [Hillary S.], 163 AD3d 1432, 1433 [4th Dept 2018]; see Matter of Brooklyn S. [Stafania Q.—Devin S.], 150 AD3d 1698, 1700 [4th Dept 2017], lv denied 29 NY3d 919 [2017]).
We further reject the mother's contention that the court erred in determining that petitioner established by a preponderance of the evidence that she neglected the child. Pursuant to Family Court Act § 1046 (a) (iii), "proof that a person repeatedly misuses a drug or drugs or alcoholic beverages, to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality, shall be prima facie evidence that a child of or who is the legal responsibility of such person is a neglected child except that such drug or alcoholic beverage [*2]misuse shall not be prima facie evidence of neglect when such person is voluntarily and regularly participating in a recognized rehabilitative program." That statutory presumption " 'operates to eliminate a requirement of specific parental conduct vis-à-vis the child and neither actual impairment nor specific risk of impairment need be established' " (Matter of Paolo W., 56 AD3d 966, 967 [3d Dept 2008], lv dismissed 12 NY3d 747 [2009]; see Matter of Samaj B. [Towanda H.-B.—Wade B.], 98 AD3d 1312, 1313 [4th Dept 2012]).
Here, petitioner established that the mother admitted repeated drug use while pregnant. Indeed, petitioner established that, at the time of the child's birth, both the mother and the child tested positive for multiple drugs. Moreover, the evidence at the fact-finding hearing established that, following the child's birth, the mother relapsed into drug misuse several times during the relevant time frame and again tested positive for multiple drugs. Thus, the court's determination that petitioner established neglect by a preponderance of the evidence is supported by the requisite sound and substantial basis in the record (see Matter of Noah C. [Greg C.], 192 AD3d 1676, 1677-1678 [4th Dept 2021]; Matter of Jack S. [Leah S.], 176 AD3d 1643, 1644-1645 [4th Dept 2019]).
Additionally, we conclude, contrary to the mother's contention, that the court properly determined that petitioner met its burden of establishing by a preponderance of the evidence that the mother neglected the child on the basis that she "knew or should have known of circumstances requiring action to avoid harm or the risk of harm to the child and failed to act accordingly" (Matter of Brian P. [April C.], 89 AD3d 1530, 1530 [4th Dept 2011]; see generally Family Ct Act §§ 1012 [f] [i] [b]; 1046 [a] [ii]). Specifically, the record supports the court's determination that, while the child was in the mother's care, at the age of approximately eight weeks, she dropped him and he landed on his head, causing him to sustain a skull fracture and hematoma. The mother did not tell anyone what had happened or take the child to the hospital until the next day when the child was feverish and was suffering seizures. In short, petitioner's evidence established that the child sustained injuries that "would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the care of [the] child" (Family Ct Act § 1046 [a] [ii]; see Matter of Grayson R.V. [Jessica D.], 200 AD3d 1646, 1648 [4th Dept 2021], lv denied 38 NY3d 909 [2022]; see generally Matter of Philip M., 82 NY2d 238, 244 [1993]). Based on the child's age and size, the mother should have known that dropping the child with the result that he landed on his head "required action in order to avoid actual or potential impairment of the child" (Matter of Nathanael E. [Melodi F.], 160 AD3d 1075, 1079 [3d Dept 2018] [internal quotation marks omitted]).
We also note that the court's credibility determinations are entitled to great deference, and we will not disturb those determinations, where, as here, they are supported by the record (see Matter of Jack S. [Franklin O.S.], 173 AD3d 1842, 1843-1844 [4th Dept 2019]; Matter of Jeromy J. [Latanya J.], 122 AD3d 1398, 1398-1399 [4th Dept 2014], lv denied 25 NY3d 901 [2015]). Additionally, the court properly drew " 'the strongest possible negative inference' against [the mother] after [she] failed to testify at the fact-finding hearing" (Matter of Kennedie M. [Douglas M.], 89 AD3d 1544, 1545 [4th Dept 2011], lv denied 18 NY3d 808 [2012]; see Noah C., 192 AD3d at 1678; Matter of Brittany W. [Patrick W], 103 AD3d 1217, 1218 [4th Dept 2013]).
Finally, we have considered the mother's remaining contentions and conclude that none warrants reversal or modification of the order in appeal No. 1.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court