Matter of Brandon P. v Jennifer M.C. (2023 NY Slip Op 06677)

Matter of Brandon P. v Jennifer M.C.

2023 NY Slip Op 06677

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND NOWAK, JJ.

982 CAF 23-00117

[*1]IN THE MATTER OF BRANDON P., PETITIONER-RESPONDENT,
v
JENNIFER M.C., RESPONDENT-APPELLANT, AND JASON M.C., RESPONDENT-RESPONDENT. 

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
MARY HOPE BENEDICT, BATH, ATTORNEY FOR THE CHILDREN.

 Appeal from an order of the Family Court, Steuben County (Mathew K. McCarthy, A.J.), entered January 3, 2023, in a proceeding pursuant to Family Court Act article 5. The order dismissed the amended petition. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Petitioner, who purportedly had sexual intercourse with respondent Jennifer M.C. (mother) during her marriage to respondent Jason M.C., commenced this proceeding pursuant to Family Court Act article 5 by filing a petition seeking to establish the paternity of the subject child through genetic testing, which petition was superseded by an amended petition seeking the same relief. Family Court concluded, after a hearing, that it was not in the best interests of the child to order genetic testing to determine the child's paternity and, in effect, dismissed the amended petition. The mother appeals.
We conclude that the mother's appeal must be dismissed inasmuch as she is not an aggrieved party (see CPLR 5511; Matter of Tariq S. v Ashlee B., 177 AD3d 1385, 1385-1386 [4th Dept 2019], lv dismissed 38 NY3d 1167 [2022]). "A party is aggrieved when [the party] asks for relief but that relief is denied in whole or in part . . . [or] when someone asks for relief against [the party], which the [party] opposes, and the relief is granted in whole or in part" (Tariq S., 177 AD3d at 1385 [internal quotation marks omitted]). Here, the mother did not seek any relief herself, and no one sought any relief against her (see id.). Indeed, the mother did not formally join in the amended petition, nor did she file a petition of her own seeking to establish the paternity of the child (see id. at 1385-1386; Matter of Arkadian S. [Crystal S.], 130 AD3d 1457, 1457-1458 [4th Dept 2015], lv dismissed 26 NY3d 995 [2015]; cf. Family Ct Act § 522; Matter of Jennifer L. v Gerald S., 145 AD3d 1581, 1582 [4th Dept 2016], lv dismissed 29 NY3d 942 [2017]). Moreover, the mother's rights remain unchanged, and the fact that she may be disappointed by the order does not equate to aggrievement under CPLR 5511 (see Tariq S., 177 AD3d at 1386; see generally Matter of DeLong, 89 AD2d 368, 369-370 [4th Dept 1982], lv denied 58 NY2d 606 [1983]).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court