Matter of Landen S. (April S.) (2024 NY Slip Op 02447)

Matter of Landen S. (April S.)

2024 NY Slip Op 02447

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, GREENWOOD, AND KEANE, JJ.

301 CAF 23-00528

[*1]IN THE MATTER OF LANDEN S. AND KAMERSON S. YATES COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; APRIL S., RESPONDENT, AND TIMOTHY S., RESPONDENT-APPELLANT. 

RYAN JAMES MULDOON, AUBURN, FOR RESPONDENT-APPELLANT. 
RUTH A. CHAFFEE, PENN YAN, FOR PETITIONER-RESPONDENT. 
TERESA M. PARE, CANANDAIGUA, ATTORNEY FOR THE CHILD. 
SHARON ALLEN, KEUKA PARK, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Yates County (Stacey Romeo, A.J.), entered March 2, 2023, in a proceeding pursuant to Family Court Act article 10. The order, inter alia, placed respondent Timothy S. under the supervision of petitioner. 
It is hereby ORDERED that said appeal from the order insofar as it concerns the disposition is unanimously dismissed and the order is affirmed without costs.
Memorandum: In this proceeding brought pursuant to Family Court Act article 10, respondent father appeals from an order of disposition that, inter alia, placed him under the supervision of petitioner for a period of 12 months following an adjudication that he neglected the subject children. As an initial matter, we dismiss the appeal insofar as it concerns the disposition inasmuch as the father consented thereto (see CPLR 5511; Matter of Noah C. [Greg C.], 192 AD3d 1676, 1676 [4th Dept 2021]; Matter of Kendall N. [Angela M.], 188 AD3d 1688, 1688 [4th Dept 2020], lv denied 36 NY3d 908 [2021]). The appeal, however, brings up for review the order of fact-finding determining that he neglected the children (see Noah C., 192 AD3d at 1676; Matter of Anthony L. [Lisa P.], 144 AD3d 1690, 1691 [4th Dept 2016], lv denied 28 NY3d 914 [2017]; Matter of Lisa E. [appeal No. 1], 207 AD2d 983, 983 [4th Dept 1994]).
Contrary to the father's contention, Family Court did not err in determining that petitioner established that the father neglected the children. To establish neglect, petitioner was required to show, by a preponderance of the evidence, " 'first, that [the] child[ren]'s physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child[ren] is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child[ren] with proper supervision or guardianship' " (Matter of Jayla A. [Chelsea K.-Isaac C.], 151 AD3d 1791, 1792 [4th Dept 2017], lv denied 30 NY3d 902 [2017], quoting Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see Family Ct Act § 1012 [f] [i]). The court's "findings of fact are accorded deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Jeromy J. [Latanya J.], 122 AD3d 1398, 1398-1399 [4th Dept 2014], lv denied 25 NY3d 901 [2015] [internal quotation marks omitted]).
Here, the record establishes that the father left the subject children at the mother's home and in her long-term care, despite the fact that it was in violation of the order of protection that the father had previously sought and obtained. The record further established that the father failed to assist the mother with the children's mental health issues and multiple absences from school. We therefore conclude that " 'there is a sound and substantial basis to support [the [*2]court's] finding that the child[ren were] in imminent danger of impairment as a result of [the father's] failure to exercise a minimum degree of care' " (Matter of Claudina E.P. [Stephanie M.], 91 AD3d 1324, 1324 [4th Dept 2012]; see generally Nicholson, 3 NY3d at 368-370).
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court