Matter of Myel T.-F. (Brook T.) (2025 NY Slip Op 05615)

Matter of Myel T.-F. (Brook T.)

2025 NY Slip Op 05615

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, NOWAK, DELCONTE, AND KEANE, JJ.

743 CAF 23-01935

[*1]IN THE MATTER OF MYEL T.-F. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; BROOK T., RESPONDENT-APPELLANT. (APPEAL NO. 1.)

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
SAM FADUSKI, BUFFALO, FOR PETITIONER-RESPONDENT.
JENNIFER M. LORENZ, ORCHARD PARK, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Brenda M. Freedman, J.), dated November 2, 2023, in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent had neglected the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these consolidated proceedings pursuant to Family Court Act article 10, respondent mother appeals from four orders of fact-finding and disposition, each of which, inter alia, adjudged that she neglected one of her children. Contrary to the mother's contention in each appeal, petitioner established by a preponderance of the evidence that she neglected the children.
Pursuant to Family Court Act § 1046 (a) (iii), "proof that a person repeatedly misuses a drug or drugs or alcoholic beverages, to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of stupor, unconsciousness, intoxication, hallucination, disorientation, or incompetence, or a substantial impairment of judgment, or a substantial manifestation of irrationality, shall be prima facie evidence that a child of or who is the legal responsibility of such person is a neglected child except that such drug, or alcoholic beverage misuse shall not be prima facie evidence of neglect when such person is voluntarily and regularly participating in a recognized rehabilitative program." Thus, neglect may be presumed where a parent "chronically and persistently misuses" alcohol or drugs to the point that it substantially impairs their judgment while the child is entrusted to their care (Matter of Kenneth C. [Terri C.], 145 AD3d 1612, 1613 [4th Dept 2016]; see Matter of Chassidy CC. [Andrew CC.], 84 AD3d 1448, 1449 [3d Dept 2011]; Matter of Arthur S. [Rose S.], 68 AD3d 1123, 1123-1124 [2d Dept 2009]). "In other words, '[t]he presumption contained in Family [Court] Act § 1046 (a) (iii) operates to eliminate a requirement of specific parental conduct vis-à-vis the child and neither actual impairment nor specific risk of impairment need be established' " (Matter of Paolo W., 56 AD3d 966, 967 [3d Dept 2008], lv dismissed 12 NY3d 747 [2009]; see Matter of Samaj B. [Towanda H.-B.—Wade B.], 98 AD3d 1312, 1313 [4th Dept 2012]).
Here, petitioner met its burden of proof with respect to all four of the subject children by establishing that the mother had a history of regular cocaine abuse and testified positive for drug use multiple times during the course of the neglect proceedings, including while she was pregnant with and on the day of the birth of the youngest of the subject children (see Matter of Kameron R. [Alexis R.], 222 AD3d 1430, 1432 [4th Dept 2023]; Matter of Annastasia P. [Kirstin P.], 198 AD3d 1356, 1356-1357 [4th Dept 2021]; Matter of Noah C. [Greg C.], 192 AD3d 1676, 1677 [4th Dept 2021]). Contrary to the mother's contention, there is a causal link between her drug abuse and her ability to care for the children inasmuch as the mother's use of [*2]illicit substances caused her to leave three of the subject children for extended periods of time without adequate resources or supervision, during which periods they lacked electricity and were left with incapacitated babysitters and one child wandered outside alone (see Chassidy CC., 84 AD3d at 1449-1450; cf. Matter of Delanie S. [Jeremy S.], 165 AD3d 1639, 1639-1640 [4th Dept 2018]).
In opposition, the mother failed to rebut the presumption of neglect inasmuch as she offered no evidence to show that she was voluntarily engaged in a drug rehabilitative program prior to the hearing (see Family Ct Act § 1046 [a] [iii]; Matter of Nyheem E. [Jamila G.], 134 AD3d 517, 519 [1st Dept 2015]; Matter of Joel S. [Charles C.], 110 AD3d 442, 442 [1st Dept 2013]) and, contrary to the mother's further contention, "the presumption of neglect that arises under Family [Court] Act § 1046 (a) (iii) cannot be rebutted by evidence that the children were well cared for and not in danger" (Matter of Jonathan E. [John E.], 149 AD3d 1197, 1200 [3d Dept 2017]; see Matter of Jack S. [Franklin O.S.], 173 AD3d 1842, 1843 [4th Dept 2019]; Arthur S., 68 AD3d at 1124).
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court